IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PRICE MONTGOMERY, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 16-789 |
| v. | ) | United States District Judge |
| | ) | Cathy Bissoon |
| ROBERT IZZULINO, et al., | ) | |
| | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |

**REPORT AND RECOMMENDATION**

**Cynthia Reed Eddy, United States Magistrate Judge**

**I.   RECOMMENDATION**

It is respectfully recommended that the pending motion to dismiss (ECF No. 26) Plaintiff Price Montgomery's *pro se* amended complaint (ECF No. 13) be denied, but that the Court stay and administratively close this action until Plaintiff's pending criminal proceedings have concluded.

**II.   REPORT**[1]

**A.   Background**

Plaintiff is currently detained at the Northeast Ohio Correctional Center ("NEOCC") awaiting trial in his criminal cases before the Honorable Mark R. Hornak of this Court. *See*

---

[1] "Under Rule 12(b)(6), a motion to dismiss will be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 88 (3d Cir. 2011). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Moreover, *pro se* documents, including pleadings, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*United States v. Montgomery*, No. 2:16-cr-63 and *United States v. Montgomery*, 2:14-cr-205. In this § 1983 civil action, he seeks relief for much of the same conduct that he is currently challenging in said criminal proceedings.

In his thirty-two page amended complaint, Plaintiff alleges that on June 8, 2014, Defendants (who consist of several high ranking employees and officials of the Pennsylvania Office of Attorney General, as well as state and local law enforcement officers and detectives) surrounded Plaintiff's vehicle and arrested Plaintiff and his passenger, James Perrin,[2] without probable cause and in a hostile manner, screaming obscenities and threats, aiming weapons, and roughly handcuffing Plaintiff and throwing him against the hood of a vehicle. Defendants then allegedly conducted unreasonable searches and seizures of Plaintiff's person, vehicle, and house, and held Plaintiff in an extremely hot and humid patrol car for an extended period of time. As a result of this incident, Plaintiff was initially charged with various criminal offenses in state court, but those charges were subsequently withdrawn and Plaintiff was charged in federal court. Plaintiff has been held as a pretrial detainee at NEOCC since March of 2015.

Plaintiff alleges that discovery in his criminal case revealed that prior to the searches and seizures, his oral and electronic communications had been unlawfully intercepted by Defendants. According to the amended complaint, the wiretap application by the First Deputy of the Attorney General was obtained without the requisite designation and in direct contravention of the Attorney General's instructions when the Attorney General was out of the country.

The amended complaint seeks relief for the following claims under 42 U.S.C. §1983: unlawful seizure, excessive force, unlawful arrest, unlawful search, malicious prosecution, civil conspiracy in violation of the Fourth Amendment to the United States Constitution and violation

---

[2] Perrin is a co-defendant in the ongoing criminal action with Montgomery at 2:14-cr-205-MRH-2, and has filed a substantially similar § 1983 action that is also assigned to the undersigned at 2:16-cv-791.

of the statutory provisions of 18 U.S.C. §§ 2511, 2520. It also states that Defendants are liable for the following claims under Pennsylvania law: false arrest, false imprisonment, excessive force, assault and battery, invasion of privacy, intrusion upon seclusion, civil conspiracy, malicious prosecution, deliberate in difference [*sic*], failure to act, and violations of 18 Pa.C.S. §§ 5703, 5725.

Moving Defendants filed the pending motion to dismiss and supporting brief on November 21, 2016. (ECF Nos. 26, 27).[3] Plaintiff responded to the motion on December 28, 2016. (ECF No. 37). Defendants did not file a reply brief, and the time to do so expired on January 10, 2017. Accordingly, the motion has been fully briefed and is ripe for recommendation.

## B. Discussion

As just noted, Plaintiff seeks to hold Defendants liable under § 1983 for, *inter alia*, numerous violations of the Fourth Amendment,[4] including excessive force, the unlawful search and seizure of his person and property, and the interception of certain wire communications without proper authorization. In their motion and supporting brief, Defendants point out that

---

[3] Moving Defendants include all of the named Defendants except for City of Pittsburgh Police Officer Matthew Truesdell and City Detective Mike Molitaris. Counsel for the Moving Defendants subsequently entered a notice of appearance on behalf of Molitaris, although Molitaris has not yet joined the pending motion or otherwise responded to the amended complaint. No notice of appearance has been entered on behalf of Defendant Truesdell, who also has not responded to the amended complaint. For ease of reference, the Court will hereafter refer to Moving Defendants simply as Defendants.

[4] The Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, *see Mapp v. Ohio*, 367 U.S. 643, 655 (1961), states the following:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

3

"Plaintiff is presently challenging many of the actions taken by the Defendants which are at issue in this case, by way of [] pretrial suppression motion[s] in his criminal cases." (Def.s' Br. at 5, ECF No. 27). Specifically, in his ongoing criminal action *United States v. Montgomery*, 2:14-cr-205, Plaintiff has filed motions to suppress regarding wire intercepts, (ECF No. 197), physical evidence obtained as a result of the June 8, 2014 searches of his person, vehicle, and residence, (ECF No. 199), and tracking, GPS, and pen registers, (ECF No. 201).[5] As such, many of Plaintiff's arguments in this § 1983 civil action regarding alleged violations of his Fourth Amendment rights directly overlap with and are closely related to the motions and arguments that he has raised in his ongoing federal criminal proceedings. Thus, given the risk of inconsistent rulings as to the Fourth Amendment issues raised in both the civil and criminal actions, the Court agrees with Defendants that it would be inappropriate to proceed further in this civil action until the conclusion of his criminal proceedings.

The Court disagrees with Defendants, however, that dismissing "most" of Plaintiff's § 1983 Fourth Amendment claims as premature and without prejudice is the appropriate means to achieve that end.[6] Defendants contend that the "favorable termination rule" announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars said claims at this time. (Def.s' Br. at 5-7, ECF No. 27). But, as Plaintiff correctly responds, *see* (Pl.'s Rsp. at 5-6, ECF No. 37), *Heck* did not address the favorable termination rule with respect to anticipated future convictions, and as discussed below, subsequent cases have declined to extend *Heck* to the situation in this case.

In *Heck*, the Supreme Court held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[5] To date, all of these motions to suppress are currently pending before Judge Hornak.

[6] Although Defendants seek dismissal of "most" of Plaintiff's Fourth Amendment claims, they do not actually specify which claims should be dismissed as premature and which claim(s) should not.

4

> whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (emphasis in original; footnotes 6, 7, 8 omitted).

Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to suits by federal prisoners against both state agents (under § 1983) and federal agents (under *Bivens*). *See Lora-Pena v. F.B.I.*, 529 F.3d 503, 505-06 & nn. 1, 2 (3d. Cir. 2008). "The purpose of [*Heck's*] favorable termination requirement is to avoid 'the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Bronowicz v. Allegheny Cty.*, 804 F.3d 338 (3d Cir. 2015) (quoting *Heck*, 512 U.S. at 484).

"*Heck* left open the question of whether a claim is cognizable under section 1983 if its success would necessarily imply the invalidity of a *future* conviction." *Dique v. New Jersey State Police*, 603 F.3d 181, 186 (3d Cir. 2010) (emphasis added). In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court "clarified that the *Heck* bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an *existing* criminal conviction." *Dique*,

603 F.3d at 187-188 (quoting *Wallace*, 549 U.S. at 393) (emphasis in original).  Here, Plaintiff has not been convicted regarding this incident and most of his Fourth Amendment claims have already accrued.  *See Wallace*, 549 U.S. 391-92.  Therefore, contrary to Defendants' argument, *Heck* does not bar most of Plaintiff's Fourth Amendment claims at this time.

Rather, in a situation such as this, where the § 1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action.  *See McKinney v. Prosecutor Cty. Prosecutors Office*, 612 Fed. App'x 62, 65-66 (3d Cir. 2015) (concluding that the district court erred in dismissing the plaintiff's malicious prosecution claims under *Heck* when the criminal case was still pending because *Heck* does not apply to an anticipated future conviction and the proper course of action would be to stay the adjudication until the end of the criminal proceedings); *see also Stanford v. Uncapher*, 2:16-cv-1651, Order Staying Case, ECF No. 9 (W.D. Pa. Nov. 28, 2016); *Desabetino v. Biagini*, 2:16-cv-341, Memorandum Order Staying Case, ECF No. 47 (W.D. Pa. Nov. 10, 2016).  As the Supreme Court stated in *Wallace*,

> If a plaintiff files a[ny] … claim before he has been convicted … related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of the criminal case is ended.

*Wallace*, 549 U.S. at 393-94.  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  *Id.* at 394.

Accordingly, Defendants' argument that "most" of Plaintiff's § 1983 Fourth Amendment Claims should be dismissed without prejudice pursuant to *Heck* is premature.  Under the circumstances, the proper course of action is to stay the entire suit and

administratively close[7] it until the criminal proceedings against Plaintiff have concluded. *See Wallace*, 549 U.S. 393-94; *McKinney*, 612 Fed. App'x at 65-66. As the entire suit should be stayed, it is unnecessary at this time to address the merits of Defendants' remaining arguments that Plaintiff did not sufficiently plead civil conspiracy claims or that the state law claims are barred by sovereign immunity. Such arguments should be permitted to be reasserted in the future at the appropriate time.

### C. Conclusion

Based on the foregoing, it is respectfully recommended that Defendants' motion to dismiss (ECF No. 26) be denied, but that the Court stay and administratively close this action until the conclusion of Plaintiff's criminal proceedings. Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, Defendants' Objections are due by **January 25, 2017**. Because service of this Report and Recommendation is being made on Plaintiff via mail, Plaintiff's Objections are due by **January 30, 2017**. *See* Fed.R.Civ.P. 6(d). The parties are cautioned that failure to file Objections within this timeframe "*will* waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011) (emphasis in original).

Dated: January 11, 2017.

---

[7] "Administrative closings comprise a familiar … way in which courts remove cases from their active files without final adjudication." *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted). Administrative closure is a docket control device used for statistical purposes, and it is without prejudice to Plaintiff's substantive rights. *Honig v. Comcast of Georgia I, LLC*, 537 F.Supp.2d 1277, 1290 n. 8 (N.D. Ga. 2008).

By the Court:

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: **The Honorable Cathy Bissoon**
(electronically served via CM-ECF)

**Price Montgomery**
07138-068
2240 Hubbard Road
Youngstown, OH 44505

**Scott A. Bradley**
(electronically served via CM-ECF)